**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

ANTONIO HUNT,                                                                          PLAINTIFF
ADC #131310

v.                                        4:21CV00181-KGB-JTK

THOMAS HURST, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Antonio Hunt is a state inmate incarcerated at the Tucker Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against three defendants. (Doc. No. 1) By Order dated March 24, 2021, this Court granted Plaintiff's Motion to Proceed in forma pauperis and directed him to submit an Amended Complaint within thirty days. (Doc. No.. 5) As of this date, Plaintiff has not submitted an Amended Complaint.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.   Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

2

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.    A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7.    The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."    Id.

3

### III.    Facts and Analysis

To support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   Plaintiff stated in his Complaint that he was escorted from restrictive housing to a barracks by a non-party ADC officer, and that when he entered the barracks he was surrounded by several inmates who were armed. Plaintiff was then sent back to restrictive housing but later Defendant Young told someone that he set up the incident to get removed from the barracks. Defendants Young and Hurst then told him that if he did not write a witness statement that he had no problems with anyone in the barracks, he would not be released from restrictive housing and would receive a disciplinary for refusing to enter the barracks. Plaintiff wrote the statement and was returned to the barracks. He then claimed he was given a disciplinary due to his refusal to enter the barracks, and asked for damages and restoration of his lost good time.

In the March 24, 2021 Order, the Court noted that Plaintiff did not allege any harm due to his housing placement, and also did not mention a disciplinary conviction. The Court then provided him the opportunity to amend his Complaint, and specified what Plaintiff should include in the Amended Complaint.

To support a claim for failure to protect, Plaintiff must allege Defendants were deliberately indifferent to the need to protect him from a substantial risk of serious harm. Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997).   This claim has two components, an objective one asking whether there was a substantial risk of harm to the inmate, and a subjective one asking whether the prison official was deliberately indifferent to that risk. Jackson v. Everett, 140 F.3d 1149, 1151

(8th Cir. 1998). <u>See</u> <u>also</u> <u>Curry v. Crist</u>, 226 F.3d 974, 977 (8th Cir. 2000).    In this case, Plaintiff did not allege facts to support a finding that any of the Defendants were deliberately indifferent to his risk of harm, given his statement that he was returned to restrictive housing after he encountered some armed inmates. Therefore, his allegations do not support a constitutional claim for relief.

Plaintiff's limited claim that he was given a disciplinary, and ultimately lost good time which affected his parole eligibility date, also does not support a constitutional claim for relief. In <u>Edwards v. Balisok</u>, the Court held that the plaintiff in that action could not pursue a § 1983 claim for declaratory relief and money damages based on allegations that prison officials used the wrong procedures in a disciplinary action which resulted in his loss of good time credits. 520 U.S. 641 (1997) The Court held that even though plaintiff did not allege that the prison officials reached the wrong result in their proceedings, the nature of the challenge to the proceedings could be "such as necessarily to imply the invalidity of" those proceedings. <u>Id.</u>, 520 U.S. at 645. In the earlier case of <u>Heck v. Humphrey</u>, the Supreme Court held that if a judgment in favor of a prisoner in an action under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no damages claim lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. 512 U.S. 477 (1994). <u>See</u> <u>also</u> <u>Sheldon v. Hundley</u>, 83 F.3d 231 (8th Cir. 1996).

In this particular case, Plaintiff did not challenge the disciplinary procedures, but appeared to challenge the results. He did not allege specific due process violations but asked for compensation and injunctive relief due to the loss of good time which affected parole eligibility. His challenge to the results of the disciplinary hearing would necessarily imply the invalidity of the violation and resultant punishment.

In addition, since there is no constitutional or inherent right of a convicted person to parole, Plaintiff did not demonstrate denial of a federally-protected right, as required in 42 U.S.C. § 1983 actions. Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. State courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined.   Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). The Arkansas Parole statute, ARK. CODE ANN. § 16-93-201-206 (LEXISNEXIS 2008), establishes only the possibility of parole.   Nothing in the Arkansas statutes creates a right of an inmate to release on parole which would invoke due process protection. Robinson v. Mabry, 476 F.Supp. 1022, 1023 (E.D.AR 1979).

Finally, Plaintiff did not allege any facts to support a claim that he was deprived of a protected liberty interest which resulted in "atypical or significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Therefore, because Plaintiff failed to submit an Amended Complaint to clarify his allegations against Defendants, the Court finds the Complaint should be dismissed, for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison

Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

      3.     The Court certify that an in forma pauperis appeal from an Order and

Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §

1915(a)(3).

      IT IS SO RECOMMENDED this 5th day of May, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.